IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHESAPEAKE PERIOPERATIVE SERVICES, P.A. | : | |
| 9000 Franklin Square Drive | : | |
| Department of Anesthesiology | | |
| 2 North | : | |
| Baltimore, Maryland 21237 | | |
| | : | |
| v. | | |
| | : | Civil Case No. _____ |
| Sarah H. Goldman, Personal Representative designee and | : | |
| Sarah H. Goldman, Individually | | UNDER SEAL |
| as next of kin of Dr. Clifford S. | : | |
| Goldman | | |
| 2304 Arthur Woods Drive | : | |
| Bel Air, MD 21015 | | |
| | : | |
| Defendant. | | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## VERIFIED COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION AND PERMANENT INJUNCTION

Chesapeake Perioperative Services, P.A., by its attorney, Andrew Radding, and the law firm of Adelberg, Rudow, Dorf & Hendler, LLC, sues Sarah H. Goldman, Defendant, and states:

### The Parties

1. Chesapeake Perioperative Services, P.A. ("CPS") is a Maryland professional services corporation having its principal place of business in, Baltimore County, Maryland.

2. Sarah H. Goldman as next of kin and Personal Representative is a resident of Bel Air, Harford County, Maryland

### Jurisdiction

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1331.

## Venue

4.  Venue is proper in this Court pursuant to 28 USC §1391(b) as all acts complained of herein occurred in the State of Maryland, and Defendant is a resident of the State of Maryland.

## Facts

5.  CPS is a Maryland professional service corporation that, pursuant to a written agreement, has the exclusive right to provide anesthesiology services at Franklin Square Hospital Center in Baltimore County, Maryland.

6.  CPS entered into an employment agreement with Clifford Goldman, M.D. ("Dr. Goldman"), pursuant to which Dr. Goldman was employed as an associate doctor providing services in CPS's anesthesiology practice.

7.  Pursuant to the employment services contract, Dr. Goldman provided anesthesiology services to patients of CPS.

8.  Pursuant to the guidelines set forth in the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and the Health Information Technology for Economic and Clinical Health Act ("HITECH"), CPS and Dr. Goldman were responsible for insuring compliance with the guidelines for insuring confidentiality of patient health information ("PHI"). 45 CFR §164.306 (a)(1)-(4).

9.  Sarah H. Goldman is the widow, next of kin of Dr. Goldman.

10. Sarah H. Goldman is an attorney, admitted to practice in the state of Maryland.

11. Undersigned counsel has been advised by L. Stephen Hess, Esquire, counsel to Dr. Clifford Goldman prior to his death that Sarah H. Goldman is the named Personal Representative of the Estate of Dr. Goldman pursuant to his Last Will and Testament. No estate has as yet been opened.

12. On December 14, 2009, Robert Vaughan, Executive Director of CPS ("Vaughan") learned, for the first time, from Dr. Goldman in a recorded interview, that Dr. Goldman was in possession of three years of PHI belonging CPS and its then unidentified patients.

13. Vaughan was advised by Dr. Goldman that the PHI was stored in Dr. Goldman's personal laptop computer (the"Laptop").

14. Dr. Goldman was unable to provide to Vaughan or CPS a log detailing the names of the patients whose PHI was maintained in the Laptop or details as to the encryption and/or password protection, if any, assigned to the PHI.

15. Vaughan demanded that Dr. Goldman provide the log, security information, and laptop so that the PHI could be removed and compliance with 45 CFR §164.302 *et. seq.* could be confirmed.

16. Dr. Clifford C. Muneses, President of CPS, has been made aware of the subject matter of the interview of Dr. Clifford S. Goldman with Robert Vaughan and a representative of Franklin Square Hospital.

17. L. Stephen Hess, Esquire, counsel to Dr. Goldman, has confirmed that CPS's PHI data was on the Laptop.

18. L. Stephen Hess, Esquire, has advised undersigned counsel that he does not know whether the PHI is still contained on the Laptop as "[he] had requested Dr. Goldberg [sic] to erase the records." **Exhibit A.**

19. On December 15, 2009, Vaughan was advised of the death of Dr. Goldman.

20. On December 16, 2009, Vaughan was advised that the Laptop had been in the possession of Dr. Goldman at the time of his death, and was then currently in the possession of

the Office of the Sheriff for Harford County (the "Sheriff"), which was conducting an investigation into the circumstances surrounding Dr. Goldman's death.

21. The Sheriff subsequently released the Laptop to the custody of Sarah H. Goldman. CPS has been advised that at least two other persons, not employees in any way connected to CPS, have reviewed the contents of the laptop and deny any medical records are in the computer. Neither such person is a computer expert or professional.

22. The Sheriff made a copy of the contents of the Laptop before releasing the Laptop to Sarah Goldman.

23. CPS has demanded the production by Sarah Goldman of the Laptop so that it can ensure that all PHI is logged and permanently removed from the Laptop, and that there was no disclosure of the PHI to third parties in violation of HIPAA and HITECH.

24. The Laptop has not been produced by Sarah H. Goldman.

25. Sarah H. Goldman, next of kin and Personal Representative, apparently no longer has possession of the Laptop, having given it to Marc Goldman and/or his wife, Susan Goldman, neither of whom is authorized by either CPS or the patients whose records are contained on the Laptop to be in possession of, or review, the PHI. Marc and Susan Goldman are the brother and sister-in-law of Dr. Goldman.

26. Marc and Susan Goldman have removed the Laptop from Maryland and transported it to Dallas, Texas. Clearly, the laptop is the property of the Estate of Dr. Clifford Goldman and that medical records are the property of CPS.

27. CPS has requested access to the data copied by the Sheriff from the Laptop to log and protect from impermissible disclosure all PHI contained therein.

28. The Sheriff has agreed to provide to CPS a complete copy of that which was copied from the Laptop prior to its being given to Sarah H. Goldman, but has demanded that Sarah H. Goldman authorize the release of that information to CPS.

29. To date, Sarah H. Goldman has failed to provide the necessary authorization to the Sheriff.

## Irreparable Injury

30. CPS is a healthcare provider charged with maintaining PHI in such a manner as to ensure confidentiality of that information. 45 CFR 164.302 *et seq.*

31. Dr. Goldman, as an employee of CPS, and as a healthcare provider, was likewise responsible to maintain the PHI in a manner that ensured that it would not be provided, viewed or otherwise disclosed to unauthorized persons. Id.

32. Pursuant to HITECH, 45 CFR 164.302 *et seq.*, CPS has an obligation to its patients to provide notice of any unauthorized disclosure of PHI to the patients whose records are involved without the hard drive of the Laptop CPS cannot evaluate or identify whether or not there was any such unauthorized disclosure.

33. Neither Sarah H. Goldman, Marc Goldman nor Susan Goldman is authorized to review or possess the PHI, as they are neither employees nor third-party affiliates of CPS.

34. CPS may be subject to sanction for the unauthorized disclosure of the PHI as a result of Dr. Goldman's actions.

35. CPS may be subject to sanction for failing to provide notice to all patients whose PHI is contained in the memory of the Laptop.

36.  If the data contained in the memory of the Laptop is not preserved so that CPS can review and log it, CPS will be unable to comply with its obligation to notify any patients whose records were disclosed of the breach.

37.  Sanction, and the resulting loss of reputation that CPS will suffer, will cause permanent, irreparable damage to its standing in the medical community, its patient relationships, its relationship with Franklin Square Hospital and other medical facilities in the Baltimore metropolitan area.

38.  Prior to his death on December 15, 2009, Dr. Goldman became embroiled in a dispute with CPS regarding his anticipated resignation from CPS, accounting for monies due and owing to CPS, and the applicability of non-competition and non-solicitation provisions contained in his employment agreement.

39.  The dispute continues despite the death of Dr. Goldman.

40.  Sarah Goldman, Marc Goldman and Susan Goldman, as heirs or next of kin, may have an incentive to delete the files from the Laptop despite the reporting requirements of HITECH, as the files constitute evidence against their interests in the dispute with CPS.

### Count 1

41.  Plaintiff hereby incorporates paragraphs 1-38.

42.  Continued possession of the PHI contained in the memory of the Laptop by Sarah Goldman, Susan Goldman and Marc Goldman constitutes a violation of the confidentiality requirements regarding the PHI.

43.  Destruction of the PHI information through deletion from the Laptop by Sarah Goldman, Marc Goldman or Susan Goldman will prevent CPS from creating a patient log so that it can provide the patients with appropriate, required notice.

WHEREFORE, Plaintiff CPS respectfully requests that this Court:

1. Grant an immediate Temporary Restraining Order directing Sarah Goldman to:

   a. Produce the Laptop to CPS so that the contents can be reviewed, logged, downloaded and deleted;

   b. Order any person currently in possession of it to produce to CPS;

   c. Authorize the Sheriff to produce a copy of the data in its possession from the Laptop so that it can be logged;

   d. Enjoin the deletion of the data from the Laptop or destruction of the Laptop until CPS can review its contents;

2. Grant a Preliminary Injunction directing Sarah Goldman to:

   a. Produce the Laptop to CPS so that the contents can be reviewed, logged, downloaded and deleted;

   b. Authorize the Sheriff to produce a copy of the data in its possession from the Laptop so that it can be logged;

   c. Enjoin the deletion of the data from the Laptop or destruction of the Laptop until CPS can review its contents;

3. Grant a Permanent Injunction directing Sarah Goldman to:

   a. Produce the Laptop to CPS so that the contents can be reviewed, logged and deleted;

   b. Authorize the Sheriff to produce a copy of the data in its possession from the Laptop so that it can be logged;

  c. Enjoin the deletion of the data from the Laptop or destruction of the Laptop until CPS can review its contents;

  d. For such other and further relief as the nature of our cause may require.

*I hereby certify that: (1) I am over the age of 18 and legally competent to testify; (2)) I am the President of CPS; (3) I have personal knowledge of the facts represented herein; and (4) that the foregoing facts are true and correct.*

_____
Dr. Clifford C. Maneses

*President, Chesapeake Perioperative Services, P.A.*

Respectfully Submitted,

_____
ANDREW RADDING (Bar No. 00195)
JEFFREY G. KINSTLER (Bar No. 08438)
Adelberg, Rudow, Dorf & Hendler, LLC
7 St. Paul Street, Suite 600
Baltimore, Maryland 21202
(410) 539-5195
(410) 539-5834 FAX

*Attorneys for Plaintiff, Chesapeake Perioperative Services, P.A.*