UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHESAPEAKE PERIOPERATIVE | * | |
| SERVICES, P.A. | * | |
|     Plaintiff | * | |
| | * | |
|     v. | * | CIVIL NO. JFM-09-CV-3437 |
| | * | |
| SARAH H. GOLDMAN | * | |
|     Defendant | * | |

*******

MEMORANDUM

Now pending are Plaintiff Chesapeake Perioperative Services's ("CPS") Ex Parte Motion for a Temporary Restraining Order (Docket No. 2) and Motion to Seal the Record (Docket No. 3). For the reasons stated herein, the Court GRANTS Plaintiff's Ex Parte Motion for a Temporary Restraining Order and DENIES Defendant's Motion to Seal the Record.

**I.   Background**

CPS is a professional services corporation having its principal place of business in Baltimore County, Maryland. CPS employed Dr. Clifford Goldman as an associate doctor in its anesthesiology practice.

On November 14, 2009, Dr. Goldman advised Robert Vaughan, Executive Director of CPS, that Dr. Goldman maintained confidential patient health information ("PHI") on his personal laptop computer. On December 15, 2009, Mr. Vaughan learned that Dr. Goldman had died. CPS seeks to ensure that all PHI is logged and permanently removed from the laptop.

CPS has demanded that Mrs. Sarah H. Goldman, Dr. Goldman's wife, produce the laptop. Mrs. Goldman has not complied with this request, and CPS's complaint alleges that, prior to his death, Dr. Goldman was embroiled with CPS in a dispute regarding the terms of his employment. CPS has learned on information and belief that Mrs. Goldman gave the laptop to Marc Goldman and Susan Goldman, the brother and sister-in-law of Dr. Goldman. It is alleged that they have taken the laptop to Dallas, Texas.

II.      Analysis

    A.      **Temporary Restraining Order**

CPS seeks a temporary restraining order directing Mrs. Sarah Goldman to produce the laptop to CPS. CPS does not have an interest in the laptop as such. It does have an interest, however, in any PHI that may be recorded on the laptop's hard drive. That information should be copied for CPS and the data should be deleted from the hard drive. CPS is entitled to reasonable verification that this has been done.

The Court held a hearing by telephone on December 23, 2009 at 4 p.m. with Mr. Andrew Radding, Esquire, and Mr. L. Stephen Hess, Esquire. Mr. Radding represents CPS. Mr. Hess has represented the Goldmans in the past, but he has not been retained to represent them in this matter and has not entered his appearance. Mr. Hess did agree, however, to inform Mrs. Sarah Goldman of this suit and the temporary restraining order that the Court is filing.

Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and the Health Information Technology for Economic and Clinical Health Act ("HITECH"), patient information is protected, and health care providers are subject to sanction for permitting unauthorized disclosures. See 45 C.F.R. 164.302. In light of the alleged dispute between CPS and the late Dr. Goldman, Mrs. Sarah Goldman might arrange to have files deleted from the laptop or to have the laptop destroyed. Accordingly, the Court will file a temporary restraining order.

    B.      **Motion to Seal the Record**

Plaintiffs have also filed a motion to seal the record. Because no confidential information has yet been filed, the record need not be sealed at this time. If, however, the parties file any confidential PHI, the Court may order that the record be sealed at that time.

III.      Conclusion

For the foregoing reasons, the Court will, by separate Order of even date, GRANT Plaintiff's Ex Parte Motion for a Temporary Restraining Order (Docket No. 2) and DENY Plaintiff's Motion to Seal the Record (Docket No. 3).

It is so ORDERED this     23rd     day of     December    , 2009.

                                                      /s/
                                          Benson Everett Legg
                                          Chief Judge
                                          United States District Court